# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $10,760.00 IN U.S. CURRENCY,<br><br>　　　　　　　Defendant.<br>_____/ | CASE NO. 1:10-cv-00231-AWI-SMS<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Doc. 18) |

　　　　In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interests of Michael Scott Ioane, Jr, and Samantha Dennis in approximately $10,760.00 and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency.  The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19) and is considered in accordance with Local Rule A-540(d).

　　　　This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  Having considered all written materials submitted, the undersigned recommends that the District Court grant the Government default judgment, enter final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency, and order the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

I.  **Factual Background**[1]

In August 2009, Merced County Sheriff's Department officers executed a search warrant at 650 El Portal Drive, Merced, California. In the course of the search, the officers encountered Ioane, who was the target of their investigation.

Using a drug-sniffing dog, the officers searched Ioane's bedroom and discovered the defendant currency in a safe that also contained 24 grams of cocaine, 30 oxycontin tablets, a digital scale, and Ioane's California driver's license. In a post-*Miranda*[2] statement, Ioane admitted that the cocaine and oxycontin belonged to him. Ioane stated that he sold cocaine, oxycontin, and marijuana to approximately ten customers each day.

II. **Procedural Background**

On February 10, 2010, the Government filed its complaint for forfeiture in rem, alleging that $10,760.00 of the defendant currency was subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) because it constituted moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.* (Doc. 1). On February 17, 2010, based on the allegations of the amended complaint, the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the Defendant Currency (Doc. 5). The warrant was executed on February 24, 2010 (Doc. 6).

On February 17, 2010, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days (Doc. 4). According to the Government's Declaration of Publication (Doc. 10), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on February 22, 2010.

///

///

---

[1] These facts were derived from the Government's application and from the Court's records.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

On March 2, 2010, both Ioane and Dennis were personally served with notice of this action by the U.S. Marshals Service (Docs. 8 & 9).  To date, no claim or answer has been filed on behalf of Ioane or Dennis.

As part of the Government's Requests for Entry of Default (Docs. 11 and 14), FSA Paralegal Autumn Magee declared under penalty of perjury that on information and belief, neither Ioane or Dennis was in the military service or was an infant or incapacitated person. Neither potential claimants Ioane nor Dennis, nor any other potential claimant, filed an answer or otherwise defended the action.  The Clerk entered default as to Dennis on April 30, 2010, and as to Ioane on May 12, 2010 (Docs. 12 and 15).  The Government moved for Default Judgment on December 21, 2010 (Doc. 18).

## DISCUSSION

### I.    Sufficiency of the Complaint

The Government contends that the allegations set forth in the verified complaint for Forfeiture In Rem and the cited facts provide ample grounds for forfeiture of the defendant currency.  A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Money or other things of value are subject to forfeiture if they (1) are furnished or intended to be furnished by any person in exchange for a controlled substance, (2) constitute proceeds traceable to such an exchange, or (3) are used or intended to be used to facilitate any violation of the laws governing controlled substances.  21 U.S.C. § 881(a)(6).

The Government's verified complaint alleges that the defendant currency is subject to forfeiture since it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance, in which all proceeds were traceable to such an exchange, and/or were used or intended to be used to facilitate the violation of one or more laws governing controlled substances (Doc. 1 at ¶ 1).  As set forth above and in the verified complaint, the DEA seized the defendant currency on August 6, 2009, at 650 El Portal Drive, Merced, California, incident to a search of Ioane's residence.

///

The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes. In the absence of assertion of interests in the defendant currency, this Court is not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a sufficient connection between the defendant currency and illegal drug activity to support a forfeiture.

The government need not show a relationship between the proceeds of a drug crime and a specific drug transaction: Circumstantial evidence may support the forfeiture of the proceeds of a drug crime. *See United States v. $30,670.00*, 403 F.3d 448, 467-70 (7th Cir. 2005) (concluding that totality of circumstances demonstrated that airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

## II.   Notice Requirements

The Fifth Amendment's Due Process Clause prohibits the Government from taking property without due process of law. Individuals whose property interests are at stake are entitled to notice and an opportunity to be heard. The requisite notice was provided to Ioane and Dennis.

### A.   Notice by Publication

Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official government forfeiture site for at least 30 consecutive days." Local Admiralty and In Rem rules further provide that the Court shall designate by order the appropriate vehicle for publication. Local Rules A-530 and 83-171. On February 17, 2010, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days (Doc. 4). According to the Government's Declaration of Publication (Doc. 10), a Notice of Civil Forfeiture was published

on the official government internet site (www.forfeiture.gov) for thirty days beginning on February 22, 2010. Accordingly, the Government satisfied the requirements for notice to Ioane and Dennis by publication.

### B. Personal Notice

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (*quotations omitted*). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it"). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Local Rule A-540 also requires that a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service of the person having custody of the property, or if the property is in the hands of a law enforcement officer, by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer. Notice must also be provided by personal service or certified mail, return receipt requested, on every other person who has appeared in the action and is known to have an interest in the property, provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to provide notice without success. L.R. A-540(a). Notwithstanding the Supplemental Rules and L.R. A-540(a), the Government provides sufficient notice when the notice complies with the requirements of F.R.Civ.P. 4. *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute

authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served Ioane and Dennis with the complaint, arrest warrant, publication order, and other related documents on March 2, 2010 (Docs. 8 and 9). Accordingly, both Ioane and Dennis were personally served.

### C. Failure to File Claim or Answer

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice. Supplemental R. G(4)(b) & (5). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317. The Clerk of Court properly entered default against Ioane on May 12, 2010, and against Dennis on April 30, 2010 (Docs. 12 and 15).

### D. Default Judgment

The Government seeks judgment against the interests of Ioane and Dennis, and final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency. The Supplemental Rules do not set forth a procedure to seek default judgment in rem. Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.Civ.P. 55(a). Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*internal citations and quotation marks omitted*).

As noted above, the Government properly obtained default entries against the interests of Ioane and Dennis. There is no impediment to default judgment sought by the Government against them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant currency. "A judgment in rem affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958). Because of Ioane and Dennis's defaults, the Government is entitled to a final forfeiture judgment.

## RECOMMENDATIONS

In light of the reasons discussed above, this Court recommends that

1. The District Court grant Plaintiff United States of America default judgment against the interests of Michael Scott Ioane, Jr., and Samantha Dennis;

2. The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the defendant currency; and

3. The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and the order adopting them.

These findings and recommendations are submitted to District Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specific time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  March 3, 2011**                         /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE